**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———

**No. 07-1830**

———

NEBIYOU GASHAWTENA TERFE,

              Petitioner,

      v.

MICHAEL B. MUKASEY, Attorney General,

              Respondent.

———

On Petition for Review of an Order of the Board of Immigration
Appeals.

———

Submitted:  June 13, 2008          Decided:  June 30, 2008

———

Before KING and DUNCAN, Circuit Judges, and WILKINS, Senior Circuit
Judge.

———

Petition denied by unpublished per curiam opinion.

———

Alan M. Parra, LAW OFFICE OF ALAN M. PARRA, Silver Spring,
Maryland, for Petitioner.  Jeffrey S. Bucholtz, Acting Assistant
Attorney General, Barry J. Pettinato, Assistant Director, Dalin R.
Holyoak, Office of Immigration Litigation, UNITED STATES DEPARTMENT
OF JUSTICE, Washington, D.C., for Respondent.

———

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nebiyou Gashawtena Terfe, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order finding him removable and denying his applications for asylum, withholding from removal, and withholding under the Convention Against Torture ("CAT"). Terfe challenges the immigration judge's adverse credibility finding, and asserts the immigration judge ignored or gave insufficient weight to Terfe's documentary evidence.[*] We deny the petition for review.

The Immigration and Naturalization Act ("INA") authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2000). The INA defines a "refugee" as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2000). An applicant can establish refugee status based on past persecution in his native country on account of a protected ground. 8 C.F.R. § 1208.13(b)(1) (2007). Without regard to past persecution, an

---

[*]Although Terfe makes passing reference to it in his brief, he does not present any substantive argument challenging the Board's affirmance of the immigration judge's denial of withholding of removal or protection under the CAT. Accordingly, those claims have been abandoned. See Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

alien can establish a well-founded fear of persecution on a protected ground.  Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004).

An applicant has the burden of demonstrating his eligibility for asylum.  8 C.F.R. § 1208.13(a) (2007); Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353 (4th Cir. 2006).  A determination regarding eligibility for asylum is affirmed if supported by substantial evidence on the record considered as a whole.  INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).  This court will reverse the Board "only if the evidence presented by the petitioner was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution."  Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (internal quotation marks and citations omitted).

We find sufficient evidence supports the Board's adverse credibility finding and the record does not compel a different result.  Therefore, we will not disturb the Board's denial of Terfe's application for asylum.

Accordingly, we deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED